1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RAFAEL GODINEZ,                              No. 2:18-cv-2921-EFB P

11                  Plaintiff,

12        v.                                      ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13   SCOTT KERNAN, et al.,

14                  Defendants.

15

16          Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42

17   U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2) and an "Ex

18   Parte Application for Salinas Valley State Prison Custody Staff [to] Cease Poisoning his Meals

19   and Opening his Legal Mail" (ECF Nos. 6 & 7).

20                          Application to Proceed In Forma Pauperis

21          The court has reviewed plaintiff's application and finds that it makes the showing required

22   by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff's request to proceed in forma pauperis is

23   granted.

24                                           Screening

25        I.       Legal Standards

26          Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

27   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

28   which relief may be granted, or seeks monetary relief against an immune defendant.

                                                   1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

Plaintiff brings this action against thirty-four defendants. ECF No. 1 at 2-3. Unsurprisingly, the complaint is plainly deficient insofar as it attempts to bring multiple, unrelated claims against more than one defendant.

First, plaintiff alleges that, on December 19, 2015 and while incarcerated at High Desert State Prison ("HDSP"), defendant Rios – a correctional officer - allegedly punched him in the face several times and slammed him to the ground in an act of excessive force. ECF No. 1 at 4. Plaintiff states that he suffered a broken rib and was wrongfully charged with battery as a consequence of this incident. *Id.*

Second, plaintiff claims that, after the foregoing incident, medical staff at HDSP's Administrative Segregation Unit ("ASU") failed to provide him with constitutionally adequate medical care. *Id.* at 5. Specifically, he claims that, despite "continuously spitting up blood" and complaining of rib pain, defendant Christensen declined to order X-rays for him. *Id.* He claims that both the warden and deputy warden at HDSP were aware of the inadequate treatment, but allowed it to continue. *Id.*

Third, plaintiff alleges that his due process rights were violated when he was charged with a rules violation report in connection with the incident with Rios. *Id.* at 6. Specifically, he claims that he was not provided with a timely hearing and, thus, was denied the right to call witnesses on his behalf or present a defense. *Id.* In connection with this claim, plaintiff also alleges that a state habeas petition he filed in Kern County was frustrated by his inability to access his legal mail or the law library. *Id.*

Fourth, plaintiff claims that he was served meals that made him ill while housed in the HDSP ASU. *Id.* at 7. He accuses defendants Martell, Rodriguez, McNaught, and Courtney of serving him contaminated meals as a form of unauthorized punishment. *Id.*

Fifth and finally, plaintiff alleges that he was wrongfully placed on "administrative appeal restriction" for a year for failure to follow the procedural requirements of the prison grievance system. *Id.* at 9. In conjunction with this claim, plaintiff also states that the Trust Account Office failed to provide a copy of his certified trust account statement in a timely manner. *Id.*

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Litigating each of these disparate claims in the same action is a practical impossibility. Thus, plaintiff's complaint will be dismissed with leave to amend.

III.     <u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d at 607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

## IV. Plaintiff's "Ex Parte Application"

Plaintiff's "Ex Parte Application for Salinas Valley State Prison Custody Staff [to] Cease Poisoning his Meals and Opening his Legal Mail," which the court construes as a motion for injunctive relief, must be denied. To satisfy the standard for a preliminary injunction,[1] plaintiff must, at a minimum, demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

## V. Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order. Failure to comply with any part of this this order may result in dismissal of this action.

4. The Clerk of the Court is directed to assign a United States District Judge to this action.

/////

/////

/////

---

[1] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)).

Further, IT IS RECOMMENDED that plaintiff's "Ex Parte Application for Salinas Valley State Prison Custody Staff [to] Cease Poisoning his Meals and Opening his Legal Mail," construed as a motion for injunctive relief (ECF Nos. 6 & 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE