UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:18-cv-2921-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed this action on November 6, 2018. ECF No. 1. On April 24, 2019, the court determined that plaintiff's complaint impermissibly joined multiple, unrelated claims against more than one defendant. ECF No. 10 at 2-3. Plaintiff was given leave to amend to address this deficiency in his complaint. *Id.* at 4.

The court must screen the amended complaint.[1] Having done so, it is recommended that plaintiff's claims be dismissed without prejudice. Plaintiff's motion to compel the return of his legal materials is also denied.

---

[1] After the court dismissed the original complaint, plaintiff filed a first amended complaint followed by a second amended complaint. The court screens the second amended complaint which effectively grants in part plaintiff's concurrently-filed motion to amend.

1

<u>Screening</u>

I. <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

The court was unequivocal in its previous screening order: "plaintiff's initial complaint, which was brought against multiple defendants, contained various unrelated claims. The law is clear that "[u]nrelated claims against different defendants belong in different suits . . . ." *George*

*v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And plaintiff's claims in the initial complaint were not sufficiently related to each other. To reiterate, he alleged at least five unrelated claims in that initial filing: (1) that defendant Rios used excessive force against him in December of 2015; (2) that after the excessive force incident with Rios, medical staff at High Desert State Prison failed to offer plaintiff adequate medical care; (3) that plaintiff's due process rights were violated after he was charged with a rules violation report in connection with the Rios excessive force incident; (4) that plaintiff was served poisoned meals as a form of unauthorized punishment by defendants Martell, Rodriguez, McNaught, and Courtney; and (5) that plaintiff was wrongfully placed on administrative appeal restriction for failing to comply with the procedural requirements of the prison grievance system. The second amended complaint has not corrected this issue of misjoinder; it still contains multiple unrelated claims.

First, plaintiff again alleges that, on December 19, 2015, defendant Rios punched him in the face several times and slammed him to the ground. ECF No. 27 at 4. He also claims that defendant Gambert (the captain of the facility where the excessive force occurred), Warden Adams, and CDCR Secretary Kernan were aware of a pattern of misconduct. *Id.*

Second, plaintiff claims that, on December 23, 2015, defendant Christensen – a nurse practitioner – failed to provide plaintiff with adequate medical care. *Id.* at 5. Specifically, plaintiff claims that Christensen misstated his medical complaints and then, despite evidence that plaintiff was in pain and spitting up blood, declined to order x-rays on his ribs. *Id.* He argues that defendants Adams and Foss – the warden and deputy warden, respectively – were aware of the inadequacies in his medical treatment. *Id.*

Third, plaintiff alleges that he was falsely charged with a rules violation report after the Rios excessive force incident. *Id.* at 6. He claims that his due process rights were violated in that: (1) he was denied a disciplinary hearing; (2) he was denied the ability to call witnesses; and (3) he was not otherwise allowed to present a defense. *Id.* It is unclear which defendants were involved in this alleged violation of his rights.

/////

/////

Fourth,[2] plaintiff alleges that his ability to litigate a state habeas petition was frustrated by his inability to access legal mail and the unit law library. *Id.* Plaintiff provides no details regarding the denial of access, nor does he specify how his state habeas litigation was hampered. He does, however, allege that defendant Wheat was responsible for the denial of access. *Id.*

Fifth, plaintiff alleges that, for several months, defendants Martel, Rodriguez, McNaught, and Courtney fed him contaminated food as a form of unauthorized punishment. *Id.* at 7. He argues that the food made him ill, though he does not elaborate as to the negative effects he allegedly suffered. *Id.*

Plaintiff's second amended complaint evinces no effort to correct the deficiencies which the court identified in the initial complaint. He is still pursuing multiple, unrelated claims which, for obvious reasons, are ill-suited to litigation in a single action. The claims span various time periods, and most bear no clear relation to each other. Moreover, allowing plaintiff to join these claims would circumvent the requirement that he pay the required filing fees. The question, then, is how to proceed.

The court declines to select one claim on plaintiff's behalf and dismiss the others. Plaintiff is the master of his complaint and the court has no insight into how he "values" each of the foregoing claims. He likely has his own estimation of which claims are stronger or which represent the gravest offense to his rights. The court's selection of a claim on plaintiff's behalf also creates negative incentives for pro se litigants. Knowing that the court will necessarily choose a cognizable (for screening purposes) claim to proceed, uncertain litigants might be incentivized to adopt a "kitchen-sink" approach in which numerous claims are included in order to protect against dismissal on screening.

The court also declines to select one claim to proceed and sever the others into separate actions. Such an approach would be administratively untenable, particularly in cases where the litigant insists – as plaintiff does here - on including more than five claims. Additionally, opening

---

[2] Plaintiff includes this claim under the subheading of his disciplinary hearing due process claims. It is, however, obviously separate. Whether defendant Wheat denied plaintiff access to legal mail and the law library does not inform whether other, unnamed defendants violated his due process rights at a disciplinary hearing.

4

various new suits for a pro se litigant might run to counter his wishes.  He would, after all, be responsible for multiple filing fees.  It might also prove overwhelming for a prisoner, whose access to litigative resources is often minimal, to manage various suits.

Bereft of good options as to how to proceed, the court recommends dismissal for failure to comply with its previous order.  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In so doing, it should consider five factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Id.* at 1260-61 (citing *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied* 479 U.S. 829 (1986)).

Factors one, two, three, and five favor dismissal.  Plaintiff has shown no willingness to improve his complaint and the court has no reason to believe that a further opportunity to amend will produce different results.  Thus, further leave to amend cuts against the public's interest in expeditious litigation and the court's need to manage its docket.  There is no discernable risk of prejudice to any of the named defendants.  Finally, the court also lacks, as explained *supra*, any realistic, less drastic alternative.

The fourth factor - the public policy favoring disposition of the cases on their merits - obviously weighs against dismissal at this stage.  But absent plaintiff's willingness to comply with the court's orders, a disposition on the merits is unattainable.

<u>Motion to Compel Return of Legal Materials</u>

Having determined that dismissal is appropriate, plaintiff's pending motion is denied.  The court notes that, even if it were not inclined to recommend dismissal, it would still deny the motion.  This is because plaintiff must first exhaust the administrative remedies available to him to secure the return of his legal materials.

/////

/////

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 26) is granted in part and the court has screened the second amended complaint;
2. Plaintiff's motion to compel the return of his legal materials (ECF No. 25) is DENIED.

Further, and for the reasons identified above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF No. 27) be DISMISSED without prejudice and without leave to amend; and
2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 17, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE