UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL GODINEZ,

             Plaintiff,

    v.

SCOTT KERNAN, et al.,

             Defendants.

No. 2:18-cv-2921-TLN-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a third amended complaint (ECF No. 35), which the court must screen pursuant to 28 U.S.C. § 1915A. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff's third amended complaint alleges the following potentially cognizable claims: (1) an Eighth Amendment excessive force claim against defendant Rios arising from an incident in the High Desert State Prison dining hall on December 19, 2015; (2) a First Amendment retaliation claim against defendant Rios for issuing a false rules violation report against plaintiff after plaintiff alleged that Rios had used excessive force; and (3) a Fourteenth Amendment claim against defendant Gambert, who denied plaintiff the process he was due in connection with the rules violation report.

Plaintiff's third amended complaint also alleges that defendants Correctional Captain Gambert, Warden Adams, and Secretary Kernan were aware of a pattern of excessive force but allowed it to continue. There are no facts alleged to support these allegations. Moreover, they appear to be based on the theory that the defendants are liable simply because of their roles as supervisors. A defendant, however, is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff's excessive force claim is viable only to the extent it names Rios as defendant.

Plaintiff's third amended complaint also alleges that defendant Christenson was deliberately indifferent to plaintiff's serious medical needs on December 23, 2019, when she misstated plaintiff's complaints and declined to order x-rays, and that defendants Adams and Foss were aware of Christenson's inadequate treatment but failed to act. These claim cannot survive screening. They fail to demonstrate that any defendant responded to plaintiff's medical needs with deliberate indifference required for an Eighth Amendment claim. Misstating plaintiff's complaints and not ordering x-rays, without more detailed allegations of intentional misstatements of plaintiff's condition, alleges either a disagreement in diagnosis and/or treatment, but not deliberate indifference to serious medical needs. Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In any amended complaint, plaintiff must allege more facts regarding how and/or why Christenson misstated his complaints and whether such misstatements resulted in further injury. Similarly, he should allege why she denied him an x-ray and if/how that led to further injury. Further, plaintiff should be sure to allege the correct date for his encounter with Christenson, as it appears that his reference to the year "2019" may have been a mistake.

Plaintiff may either proceed with his Eighth and First Amendment claims against defendant Rios and his Fourteenth Amendment claim against defendant Gambert only or he may amend his complaint to attempt to cure the defects identified herein. He may not, however,

change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Moreover, plaintiff is not obligated to amend his complaint.

Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Conclusion

Accordingly, it is ORDERED that:

1.     Plaintiff's complaint alleges, for screening purposes, viable First Amendment retaliation and Eighth Amendment excessive force claims against defendant Rios, and a Fourteenth Amendment due process claim against defendant Gambert.

2.     All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3.     Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint.  If

3

the former option is selected and returned, the court will enter an order directing service at that time;

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     RAFAEL GODINEZ,                          No.  2:18-cv-2921-TLN-EFB P

10                    Plaintiff,

11           v.                                NOTICE OF SUBMISSION OF
                                               DOCUMENTS
12    SCOTT KERNAN, et al.,

13                    Defendants.

14

15           In accordance with the court's Screening Order, plaintiff hereby elects to:

16

17           (1)  _____    proceed only with the First Amendment retaliation and Eighth Amendment
             excessive force claims against defendant Rios, and the Fourteenth Amendment due
18           process claim against defendant Gambert.

19

20    OR

21           (2)  _____    delay serving any defendant and files an amended complaint.

22

23
                                            _____
24
                                                          Plaintiff
25    Dated:

26

27

28
                                               5