UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>       Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, *et al.*,<br><br>       Defendants. | Case No.  2:18-cv-02921-TLN-JDP (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE ON DEFENDANT ADAMS AND MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 59 & 61 |

On January 13, 2021, plaintiff was ordered to complete and return to the court, within thirty days, the summons, one USM-285 form, and the copies of his complaint that are required to complete service on defendant Darrel Adams.[1] ECF No. 56. Plaintiff timely submitted the required documents. ECF No. 57. However, the USM-285 form that he submitted omitted an address for Adams, which the U.S. Marshal needs to effectuate service. Accordingly, the court directed plaintiff to submit a completed USM-285 form including an address for defendant Adams. The court also warned plaintiff that failure to provide a completed form with Adams's address could result in a recommendation that Adams be dismissed from this action for failure to

---

[1] The court previously found that plaintiff's fourth amended complaint stated claims against six defendants. ECF No. 39. Except for defendant Adams, all other defendants have appeared in this action and filed an answer to the fourth amended complaint. ECF No. 52.

1

timely effectuate service of process.  ECF No. 58.

Plaintiff has since filed a motion asking that the court direct the U.S. Marshal to serve Adams.  ECF No. 59.  He has also submitted a new USM-285 form, but he has again failed to provide an address for Adams.  Since plaintiff has not provided information necessary to locate defendant Adams, the U.S. Marshal remains unable to serve that defendant and plaintiff's motion, ECF No. 59, must be denied.  Rather than dismiss the claims against Adams for failure to timely effectuate service, *see* Fed. R. Civ. P. 4(m), the court will refer this case to the Post-Screening Alternative Dispute Resolution ("ADR") Project to allow the parties who have appeared to participate in a settlement conference.[2]  If the case does not settle, the court will issue a scheduling order and permit plaintiff to serve discovery on the other named defendants so that plaintiff may attempt to locate defendant Adams.

Plaintiff has also filed a motion for appointment of counsel.[3]  ECF No. 61.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel.  Plaintiff's motion, ECF No. 61, is therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

---

[2] An order referring this case to the court's ADR Project is issued concurrently with this order.

[3] That motion also inquires about the status of this case.  ECF No. 61 at 1.  In light of this order, plaintiff's request for status is moot.

2

1. Plaintiff's motion for an order directing the U.S. Marshal to serve process on defendant Adams, ECF No. 59, is denied without prejudice.

2. Plaintiff's motion for appointment of counsel, ECF No. 61, is denied without prejudice.

IT IS SO ORDERED.

Dated:   March 29, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE