UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ, | Case No. 2:18-cv-02921-TLN-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AND |
| SCOTT KERNAN, *et al.*, | RECONSIDERATION BE DENIED |
| Defendants. | ECF Nos. 90 & 91 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On August 14, 2023, plaintiff filed a motion titled, "Request to Voluntary Withdrawal (dismiss)." ECF No. 85. In that motion, plaintiff stated, "I now find myself compelled to voluntarily withdraw and dismiss my complaint as a result of the lack of time and opportunity to prosecute my court action." *Id.* at 1. Plaintiff listed three reasons for his decision to voluntarily dismiss this action: (1) he was moved institutions and did not have access to his legal material; (2) he was set to be transferred to San Diego County Jail because he had a re-sentencing hearing in his criminal case; and (3) he anticipated that he would be placed in the custody of Immigration and Custody Enforcement if he were to be released after his criminal re-sentencing hearing. *Id.*

Since defendants had filed an answer, plaintiff could only voluntarily dismiss his case if he obtained a stipulation from defendants. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, I

directed defendants to notify the court if they objected to the dismissal of this action, ECF No. 87, to which defendants responded without objection, ECF No. 88. In light of plaintiff's motion and defendants' non-objection, I directed the Clerk of Court to close this action. ECF No. 89.

Months later, plaintiff filed a motion for injunctive relief and objections to the order closing this case. ECF Nos. 90 & 91. In the latter motion, titled "Objections to 'Voluntary Withdrawal' of CDCR Excessive force suit," plaintiff asks that this action be reinstated. ECF No. 91 at 1. Plaintiff claims that he has filed numerous requests within the last six months for injunctive relief to stop CDCR from transferring him between institutions and to reunite him with his legal property.[1] Plaintiff goes on to argue that because the court has not granted his requested injunctive relief, his ability to litigate has been rendered "nearly impossible" and he has been "forced to abandon or withdraw [his] suit." ECF No. 91 at 1.

I construe plaintiff's objections as a motion for reconsideration of the final judgment entered in this case pursuant to Federal Rule of Civil Procedure 60(b).[2]

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or

---

[1] Plaintiff has filed one motion for injunctive relief within the past three years. ECF No. 75. Plaintiff seems to suggest that his decision to withdraw his case voluntarily was underpinned by the court's denial of his motions for injunctive relief. That argument, however, holds no water. Plaintiff's 2023 motion for injunctive relief sought a court order mandating that he be housed in San Diego County Jail's "central facility" and given unimpeded access to the law library. I recommended that the motion be denied as premature. ECF No. 77. At the time of filing, plaintiff had not been transferred to San Diego County Jail, and, as such, no issues with the jail had arisen. I instructed plaintiff that he could renew his motion if and when he encountered issues at the jail. Plaintiff never renewed his motion.

[2] Since this motion was filed more than twenty-eight days after judgment was entered, Rule 60(b), instead of Rule 59(e), is the rule applicable to plaintiff's motion.

vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Plaintiff has not identified any authority providing a basis for reopening this case, and at this time, I find no basis in the record to do so. Plaintiff stated unambiguously that he wished to "voluntarily withdraw and dismiss [his] complaint." ECF No. 85. The court does not have the capacity to allow plaintiffs to close and open cases based on shifting whims.

I will also recommend that plaintiff's motion for injunctive relief, ECF No. 90, be denied. Plaintiff's case has been closed, foreclosing the relief that he seeks. *See Sherman v. City of Davis*, No. CIV S-04-2320-LKK-EFB (PS), 2008 WL 1899926, at *2 (E.D. Cal. Apr. 25, 2008) (noting that a plaintiff cannot seek an injunction on a closed case). Furthermore, plaintiff's motion seeks relief that has no relation to the claims that were raised in this case. In the motion, plaintiff seeks: (1) "a protective order and a declaration of rights, from the court"; (2) "proper potentially cancerous preventative medical treatment"; (3) his legal materials; (4) a mattress; (5) an android tablet equipped with Lexis-Nexis; and (6) all retaliation against him to cease. ECF No. 90 at 1. Plaintiff's fourth amended complaint centered around an alleged assault of plaintiff by defendant Rios in 2015. *See* ECF No. 39. A motion for preliminary injunction must relate to the allegations in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for injunctive relief, ECF No. 90, be denied.

2. Plaintiff's objections to the court's August 30, 2023 court order, ECF No. 91, be construed as a motion for reconsideration motion and denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     February 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4